# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**ROBERT BLEDSOE**                                                     **PETITIONER**

**VS.**                 **CASE NO. 2:17CV00094 JLH/PSH**

**GENE BEASLEY, Warden,**
**Forrest City Low**                                          **RESPONDENT**

# PROPOSED FINDINGS AND RECOMMENDATION

# INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

# DISPOSITION

**Background.** Robert Bledsoe ("Bledsoe") filed this habeas corpus petition on June 1, 2017, seeking an injunction related to his anticipated release to a residential reentry center ("RRC"). Citing the Second Chance Act of 2007, 18 U.S.C. § 3624(c), Bledsoe appears to seek an injunction preventing the respondent from denying him a full 12 month placement into an RRC. Docket entry no. 1, page 5. Bledsoe states the Second Chance Act increases the duration of pre-release placement in an RRC from 6 to 12 months.

Respondent Warden Gene Beasley ("Beasley") claims that Bledsoe's petition should be dismissed for failure to exhaust administrative remedies and for failure to state a claim upon which relief can be granted. In his response, Beasley attaches the affidavit of James D. Crook ("Crook"), the Supervisory Attorney at the United States Department of Justice, Federal Bureau of Prisons

Consolidated Legal Center. Docket entry no. 5-1. That affidavit and its attachments establish that Bledsoe is in federal custody in Forrest City, Arkansas serving an aggregate sentence in the Bureau of Prisons ("BOP") of 27 months for supervised release violations (4:00CR00260, Eastern District of Arkansas), to be followed by 120 months for possession with intent to distribute cocaine (4:09CR00107, Eastern District of Arkansas). Docket entry no. 5-1, page 1. He has a projected release date of December 29, 2018. *Id.*, page 2.

Crook's affidavit also establishes that Bledsoe's release plan had not yet been prepared at the time Bledsoe filed his petition and at the time of Beasley's response, in part because Bledsoe submitted a request to the BOP which identified a new address in Illinois, and which was interpreted as a request to relocate his supervision post release to the Southern District of Illinois. *See id.*, and *id.*, Attachment 3. That request was forwarded to the Chief Probation Officer for the Southern District of Illinois on June 12, 2007, and BOP staff was awaiting a response at the time Beasley filed his response on July 13, 2017. *See id.*, and *id.*, Attachment 4. Beasley states in his response that Bledsoe will be evaluated for RRC placement 17-19 months from his release date. Docket entry no. 5, page 2. Because a placement plan was not yet in place, Beasley argues that no case or controversy exists.

Finally, Crook states that Bledsoe "has not even attempted to exhaust the administrative remedy process." *Id.*, page 2, and *id.*, Attachment 2. Bledsoe admits he has not exhausted administrative remedies, stating that attempting to do so would be futile. Docket entry no. 1, page 5.

The Court entered an Order on August 15, 2017 requesting that Beasley file a supplement to provide updated information regarding the status of petitioner's request for transfer of supervision and whether petitioner's RRC assessment had been completed. Docket entry no. 6. In his response, Beasley states that Bledsoe notified the BOP staff on July 28, 2017, that he could not move to Illinois and instead wanted to remain in Forrest City, Arkansas upon his release. Beasley further advises that the RRC assessment was completed on August 22, 2017 and recommends 181 to 270

days of RRC placement. Finally, Beasley informs the Court that the determination of Bledsoe's specific placement will be decided by the halfway house contractors, who have been provided the RRC placement recommendation. See docket entry no. 7.

Exhaustion.

The United States Court of Appeals for the Eighth Circuit has consistently held that before seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2241, an inmate must exhaust his available administrative remedies by presenting his claims for relief to the BOP. *See, e.g., Willis v. Ciccone,* 506 F.2d 1011 (8th Cir. 1974); *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000).

> Administrative procedures can, where available, provide an adequate and often the most expeditious review of prisoner grievances. Federal prison administrative grievance procedures must be viewed in this light. We hold that if grievance procedures provide an adequate means for impartial review, then a federal prisoner must exhaust available administrative remedies within the correctional system prior to seeking extraordinary relief in federal court. This requirement of exhaustion for federal prisoners has been recognized by several circuits and we endorse their view.... The extraordinary nature of the writ requires this. It should not be resorted to until other more conventional remedies have failed. When proper grievance procedures exist, their utilization benefits the prisoner, the prison authorities and the courts. If such procedures are given a fair chance to succeed, not only will the prisoner receive expeditious relief when he is entitled to it, the administrative burden processing federal suits places upon prison authorities will greatly decrease as well.

*Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974)(citations omitted).

The BOP has in place a process by which inmates can seek and exhaust administrative remedies. *See* 28 C.F.R. § 542.10 *et seq*. This process promotes the following four objectives: "(1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level." *Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976). "The benefits from prior administrative review are substantial" and "[t]he procedure must be given

an opportunity to succeed." *Id.*

Crook's affidavit and its Attachment 2 establish that Bledsoe has not sought to exhaust his administrative remedies. Bledsoe does not dispute this. He appears, however, to claim that it would be futile for him to exhaust his administrative remedies, and therefore his failure to exhaust should be excused. He appears to claim that his complaints would become moot if he was required to exhaust his administrative remedies before filing suit.

Habeas petitioners may be excused from the exhaustion requirement if such process would be an exercise in futility. *See Elwood v. Jeter*, 386 F.3d 842, 844 n. 1 (8th Cir. 2004); *Thurman v. Sanders*, No. 2:06CV00114-SWW-HDY, 2006 WL 2372493 at *2 (E.D. Ark. Aug. 14, 2006). Bledsoe's estimated release date is December 29, 2018. The earliest possible RRC placement date for him would be 12 months before this date, or December 29, 2017. Bledsoe has failed to show that pursuit of his claim through the administrative remedy process would have been an exercise in futility. While a significant period of time is necessary to complete the BOP's grievance process,[1] Bledsoe forwarded his claim in this suit on June 1, 2017. Had he instead pursued his administrative remedies at that time, he would have had adequate time to exhaust that claim.

The Court recognizes, however, that at this time it would be impossible for Bledsoe to exhaust a grievance relating to RRC placement before December 29, 2017, the date he would begin such placement if he is successful on his claim. Under these circumstances, the Court declines to recommend dismissal of this petition for lack of exhaustion and will proceed to consider the merits

---

[1] At the first formal step, the Warden has twenty days to consider a petitioner's appeal. At the second step, the Regional Director has thirty days to consider an appeal. At the final step, the Office of General Counsel has forty days to consider the appeal. At each step, the Warden, Regional Director, and General Counsel may grant themselves extensions of twenty, thirty, and twenty days, respectively. These officials may grant themselves extensions for any reason, and there is no provision for expedited consideration of Petitioner's placement request. Without extensions, it would take Petitioner a minimum of ninety days to complete the administrative process. This does not include time necessary to prepare and deliver an appeal, or to receive responses to the appeal. With one extension at each level, the process would take one-hundred-sixty days, which is in excess five months.

*Tensley v. Outlaw*, No. 2:10CV00014 BD, 2010 WL 2671782, at *1 (E.D. Ark. July 2, 2010).

of the petition. *See Lueth v. Beach*, 498 F.3d 795, 797 n. 3 (8th Cir. 2007), cert. denied, 128 S.Ct. 927 (2008)(court may address merits despite failure to exhaust because the "exhaustion prerequisite for filing a 28 U.S.C. § 2241 petition is judicially created, not jurisdictional").

**Failure to state a claim.** Bledsoe complains that his constitutional rights have been violated by a BOP regulation which would delay his release to an RRC until only ten percent of his sentence remains. The BOP is required to ensure, "to the extent practicable," that an inmate spends a portion of the final months of his term of imprisonment under conditions providing him a "reasonable opportunity" to prepare for reentry into the community. 18 U.S.C. 3624(c)(1). Such conditions may include placement in an RRC. *Id.* Placement is to be determined on an individual basis, considered in light of factors set forth in 18 U.S.C. 3621(b),[2] and be of a duration sufficient to provide the greatest likelihood of reintegration. 18 U.S.C. 3624(c)(6).

The Second Chance Act amended Section 3624 to extend the maximum allowable RRC placement from 6 months to 12 months. In response, the BOP issued guidance directing that inmates be reviewed for pre-release RRC placements 17-19 months prior to their projected release dates. Additionally, that guidance provided that while the Second Chance Act allows for placement in an RRC for up to twelve months, "placement beyond 180 days [is] highly unusual," and "only possible with extraordinary justification." *Miller v. Whitehead*, 527 F.3d 752, 757-758 (8th Cir. 2008). Prior BOP policy which limited the BOP's transfer authority to the last ten percent of the inmate's sentence is no longer used by the BOP to determine eligibility for RRC placement.

Beasley argues that because Bledsoe filed this habeas petition before the BOP completed its RRC assessment, there is no case or controversy to be decided, and Bledsoe has no standing. In essence, Bledsoe's action asks the Court to order the BOP to follow the law in the future when it

---

[2]The factors to be considered by the BOP are the resources of the facility contemplated; the nature and circumstances of the offense; the history and characteristics of the prisoner; statements and recommendations from the sentencing court; and any pertinent policy statements issued by the U.S. Sentencing Commission. 18 U.S.C. 3621 (b).

5

assesses him for RRC placement.[3] Beasley is correct - Bledsoe's suit was filed prematurely and fails to allege a justiciable case or controversy. His claimed injury is based on speculation that the BOP will deny him the length of time he desires for RRC placement. Speculation that the BOP may violate Bledsoe's constitutional rights in the future is insufficient to state a claim upon which relief may be granted. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).

The Court also notes that nothing in the statutes or the case law interpreting the Second Chance Act entitles an inmate to RRC placement for any particular period of time. The BOP is simply required to consider RRC placement on an individual basis, in good faith, and in light of the Section 3621(b) factors. *Miller v. Whitehead*, 527 F.3d 752, 757-758 (8th Cir. 2008); *Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004).

In summary, Bledsoe's petition should be dismissed without prejudice for the reasons cited herein.

IT IS SO ORDERED this 3rd day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] While that assessment was completed August 22, 2017, Bledsoe has not amended his petition to allege that the BOP failed to assess and refer him for RRC placement in a manner inconsistent with the statutory guidelines. Similarly, there is no evidence of record to suggest that the BOP did not individually consider Bledsoe's placement in good faith pursuant to the statutory factors.